IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANTAE OUTLAW and JEREMY ADAMS, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 17-cv-7204 |
| ) | |
| CITY OF CHICAGO, and CHICAGO POLICE ) | |
| OFFICERS W. MIAN (Star #10968), and ) | |
| R. LOPEZ (Star #17882), and DETECTIVES ) | |
| MATTHEW MCDONOUGH (Star #20540), ) | |
| and STEVE GRZENIA (Star #20710), ) | **JURY DEMANDED** |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COME the Plaintiffs, BRIANTAE OUTLAW and JEREMY ADAMS, by and through one of their attorneys, Abby D. Bakos of the Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to address deprivations of Plaintiffs' rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

### THE PARTIES

4. Briantae Outlaw is a United States citizen who resides in the Northern District of Illinois.

5. Jeremy Adams is a United States citizen who resides in the Northern District of Illinois.

6. Defendant Police Officers Mian (#10968), Lopez (#17882), McDonough (#20540) and Grzenia (#20710), herein after referred to as "Defendant Officers," are present or former employees of the City of Chicago. Defendant Officers engaged in the conduct complained of while on duty, in the course and scope of their employment and under color of law. They are sued in their individual capacity.

7. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

8. On December 10, 2016 around 2:20 pm., at or near the corner of 18th Street and Blue Island Avenue in Chicago, Illinois, Plaintiffs Outlaw and Adams were walking home after eating lunch at Memo's Hot Dogs, located at 1447 W. 18th Street in Chicago.

9. Defendant Officers Mian and Lopez were on patrol.

10. As Plaintiffs were walking eastbound on 18th street, Defendant Officers Mian and Lopez stopped them.

11. Without probable cause or reasonable suspicion to believe that Plaintiffs had committed, or were about to commit a crime, Defendant Officers Mian and Lopez seized Plaintiffs and searched Plaintiffs' persons.

12. Plaintiffs did not consent to be seized or searched by Defendant Officers Mian and/or Lopez.

13. Plaintiffs were arrested and charged with aggravated vehicular hijacking with a firearm, a Class X felony.

14. Shortly after Plaintiffs' arrests, Defendant Detectives McDonough and Grzenia discovered and retrieved a video that depicted the hijacking for which Plaintiffs were arrested.

15. The video of the hijacking reviewed by Defendants McDonough and Grzenia depicted two subjects that clearly did not look like either Plaintiff.

16. No gun or car keys were found on or near either Plaintiff at any time.

17. Defendants failed to inform the prosecutors that the video evidence revealed that Plaintiffs were not the individuals who committed the vehicular hijacking.

18. Plaintiffs did not participate in any vehicular hijacking or any other crime on December 10, 2016.

19. Defendant Officers knew that Plaintiffs were not the individuals in the surveillance videos.

20. Defendants intentionally ignored the fact that Plaintiffs did not even resemble the unknown individuals in the surveillance videos.

21. Defendants intentionally ignored the fact that Plaintiffs were not in possession of the hijacked Kia, a gun, keys to the Kia or any other physical evidence that would associate Plaintiffs with the hijacking.

22. Defendants intentionally ignored material physical evidence that proved Plaintiffs' innocence.

23. Plaintiff Outlaw was held in Juvenile Detention for more than a month before the charges against him were dropped by the State's Attorney.

24. Plaintiff Adams was held at the Cook County Jail for more than two months before the charges against him were dropped by the State's Attorney.

25. Plaintiffs' vehicular hijacking charges were terminated in their favor and in a manner indicative of innocence.

26. As a result of Defendants' actions, Plaintiffs incurred loss of liberty, emotional distress, lost income, legal fees and other damages.

## CLAIM I
### 42 U.S.C. § 1983 - Unlawful Seizure/False Arrest
### Against the Individual Defendants

27. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

28. Defendant Officers Mian and Lopez caused Plaintiffs to be seized when they initially stopped Plaintiffs on 18th Street.

29. Defendant Officers Mian and Lopez did not have probable cause to believe that Plaintiffs had committed a crime when they seized Plaintiffs.

30. Defendant Officers Mian and Lopez did not have reasonable suspicion to believe that Plaintiffs had or were about to commit a crime when they seized Plaintiffs.

31. Defendant Detectives McDonough and Grzenia seized Plaintiffs without probable cause.

32. Defendant Detectives McDonough and Grzenia did not have reasonable suspicion to believe that Plaintiffs had or were about to commit any crime after reviewing the surveillance video.

33. Such actions constitute deliberate indifference to Plaintiffs' rights under the United States Constitution in violation of the Fourth and Fourteenth Amendments.

34. As a result of the illegal seizures, Plaintiffs were injured, including loss of liberty, emotional damages, mental distress, and legal fees.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorneys' fees, and such other and additional relief as this Court deems equitable and just.

## CLAIM II
### 42 U.S.C. § 1983- Fourth Amendment Unlawful Detention
### Against the Individual Defendants

35. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

36. Plaintiffs' seizures were unsupported by probable cause when they were initially detained, and again when they were detained following the discovery of the exonerating video evidence.

37. Despite that, Defendant Officers initiated and caused Plaintiffs' seizures pursuant to legal process.

38. Defendants Officers' conduct as described above was undertaken intentionally or with reckless disregard to the lack of probable cause.

39. Defendant Officers' conduct was undertaken with the intent to deceive.

40. The criminal charges brought against Plaintiffs by or because of Defendant Officers were resolved in Plaintiffs' favor.

41. Plaintiffs bring this Fourth Amendment unlawful detention claim pursuant to the March 22, 2017 ruling by the Supreme Court of the United States in the matter of *Elijah Manuel v. City of Joliet, Illinois, et al*. No. 14-9496.

WHEREFORE, Plaintiffs demand judgment against Defendants Officers for compensatory damages, punitive damages, costs and attorney's fees, and such other additional relief that this court deems equitable and just.

### CLAIM III
### 42 U.S.C. §1983 – Illegal Search
### Against the Individual Defendants

42. Plaintiffs re-allege and reincorporate all previous paragraphs.

43. As described above, on December 10, 2016, Defendant Officers invaded Plaintiffs' privacy by searching their person without any lawful justification thus violating Plaintiffs' rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

44. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to Plaintiffs' rights.

45. As a direct and proximate result of the wrongful actions of Defendants, Plaintiffs suffered emotional distress and loss of liberty.

WHEREFORE, Plaintiffs demand judgment against Defendant Officers, jointly and severally for compensatory, punitive damages, reasonable attorneys' fees, costs and expenses and such other additional relief that this Court deems equitable and just.

## CLAIM IV
### 42 U.S.C. § 1983 – Due Process
### Against the Individual Defendants

46. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

47. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

48. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall derive a person of life, liberty or property without due process of law. The individual Defendants' conduct violated Plaintiffs' rights to due process.

49. Beginning on December 10, 2016, through and including the eventual dismissal of Plaintiffs' criminal charges, Defendant Officers expressly or impliedly formed an agreement amongst themselves to deprive Plaintiffs of their due process rights as guaranteed by the United States Constitution.

50. Plaintiffs were prejudiced by the above described actions of the Defendant Officers because disclosure of the suppressed, exculpatory evidence would have affected the prosecutions decision to continue the criminal prosecution and thereby continue Plaintiffs' incarceration.

51. Said suppressed, exculpatory evidence includes, but is not limited to, the contents of the video surveillance revealing that the Plaintiffs were not and could not have been the

hijackers, and a Memo's Hotdog receipt showing that Plaintiffs were not at or near the location of the hijacking at the time of the hijacking.

52. The individual Defendants also failed to inform the State's Attorney of their misconduct up to and including the dismissal of charges against Plaintiffs.

53. The conduct described above was done willfully, wantonly and intentionally to obstruct justice and deprive Plaintiffs of their due process rights.

54. As a result of the foregoing, Plaintiffs were injured including loss of liberty, emotional distress, legal fees, and other damages.

WHEREFORE, Plaintiffs demand judgment against the individual Defendants, jointly and severally, for compensatory damages, punitive damages, costs, and attorneys' fees, and such other additional relief as this court deems equitable and just.

## CLAIM V
### State Claim – Malicious Prosecution
### Against the City of Chicago

55. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

56. Defendant Officers maliciously caused criminal charges to be commenced and continued against Plaintiffs by giving false information in police reports, statements to prosecutors and in testimony.

57. Defendant Officers did not have probable cause to charge Plaintiffs with any crime.

58. Defendant Officers further maliciously caused criminal charges to be commenced and continued against Plaintiffs.

59. The vehicular hijacking charges against Plaintiffs were terminated in their favor.

60. Defendant Officers' conduct was willful and wanton.

61. As a result of Defendant Officers' conduct, Plaintiffs suffered damages.

62. The misconduct was undertaken by Defendant Officers within the scope of their employment and under the color of law such that their employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs, and such other additional relief that this Court deems equitable and just.

## CLAIM VI
### State Claim – Conspiracy to Commit Malicious Prosecution
### Against Defendant city of Chicago

63. Plaintiffs re-allege and incorporate all of the allegations of the preceding paragraphs.

64. On or about December 10, 2016, through and including the date of filing of this lawsuit, Defendant Officers agreed and combined to conspire to maliciously prosecute Plaintiff.

65. Defendant Officers each and every one of them, agreed and/or combined to engage in a civil conspiracy to commit the unlawful acts as described in this Complaint.

66. The Defendant Officers and each and every one of them, combined to engage in a civil conspiracy of which the principal element was to inflict wrongs against and/or injury by maliciously prosecuting the Plaintiffs as described in this Complaint.

67. The Defendant Officers and each and every one of them, combined to engage in a civil conspiracy that was furthered by overt acts, including but not limited to, swearing out false reports and giving false statements.

68. The Defendant Officers each and every one of them, understood, accepted, and/or explicitly and/or implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on the Plaintiffs as described in the Complaint.

69. The Defendant Officers each and every one of them, combined to engage in a scheme which was intended to violate the rights of the Plaintiff.

70. All of the misconduct described in this Complaint was undertaken within the scope of Defendant Officers' employment such that Defendant City of Chicago is liable for the torts of its agents

WHEREFORE, Plaintiffs demand judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs, and such other additional relief that this Court deems equitable and just.

## CLAIM VII
### State Claim – False Imprisonment

71. Plaintiffs re-allege and incorporate all previous paragraphs.

72. On the basis of Defendant Officers' unlawful conduct, Plaintiffs were improperly detained without legitimate probable cause, resulting in injury.

73. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

74. As a result of the above-described conduct, Plaintiffs was injured, including the loss of liberty, emotional damage, and lost wages.

75. All of the misconduct described in this Complaint was undertaken within the scope of Defendant Officers' employment such that the Defendant City of Chicago is liable for the torts of its agents.

WHEREFORE, Plaintiffs demand judgment be entered in his favor and that he be awarded compensatory and punitive damages, costs, and expenses and such other further relief that this Honorable Court deems just.

## CLAIM VIII

**State Claim – Intentional Infliction of Emotional Distress**
**Against Defendant City of Chicago**

76. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

77. The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

78. Said conduct included failing to investigate the circumstances surrounding Plaintiff's arrest and criminal charges and providing false reports.

79. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

80. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiffs and thereby constituted intentional infliction of emotional distress.

81. Defendant Officers' misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

82. As a proximate result of Defendant Officers wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish.

83. All of the misconduct described in this Complaint was undertaken within the scope of Defendant Officers' employment such that the Defendant City of Chicago is liable for the torts of its agents.

WHEREFORE, Plaintiffs demand judgment against the Defendant City of Chicago for compensatory damages, costs, and such other additional relief as this court deems equitable and just.

**CLAIM IX**
**Indemnity Claim - 745 ILCS 10/9-102**
**Against City of Chicago**

84. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

85. Defendant City of Chicago is the employer of Defendant Officers.

86. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as an employee of the City of Chicago.

87. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

88. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiffs suffered emotional injuries.

WHEREFORE, Plaintiffs demands judgment against the City of Chicago for compensatory damages, attorneys' fees, costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

BRIANTA OUTLAW

JEREMY ADAMS

By One of Their Attorneys:
s/Abby Bakos
Abby Bakos

Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590